IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS FLOWERS                                                                                                    PLAINTIFF

vs.                                              Civil No. 4:09-cv-04037

MICHAEL J. ASTRUE                                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Curtis Flowers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on April 26, 2006.  (Tr. 78-85).  Plaintiff alleged he was disabled due to depression and pain in abdomen and back.  (Tr. 8).  Plaintiff alleged an onset date of January 1, 2004.  (Tr. 78).  These applications were initially denied on September

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

27, 2006 and were denied again on reconsideration on February 27, 2007. (Tr. 58-60, 63-66).

Plaintiff requested an administrative hearing on his applications and a hearing was held on May 21, 2008, in Texarkana, Arkansas.[2] (Tr. 28-47). Plaintiff was present and represented by Stanley Brommell, at this hearing. *See id.* Plaintiff testified at this hearing. *See id.* Vocational Expert ("VE") Mack Welt presnt ot the hearing but did not testify. *See id.* On the date of the hearing, Plaintiff was thirty-five (35) years old and had a high school education. (Tr. 31-32).

On December 8, 2008, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 8-17). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2004. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the severe impairments of hepatitis sarcoidosis, gastroesophageal reflux disease, depressive disorder and hydrocele of the scrotum. (Tr. 16, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 9-15, Findings 4, 5). The ALJ indicated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 9). The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 10-15, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC for the full range of light work. (Tr.

---

[2]The Plaintiff appeared in Texarkana, Arkansas. The ALJ appeared by video from Little Rock, Arkansas.

16, Finding 5).  *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy.  (Tr. 15-16, Finding 6).  Based on the Medical-Vocational Guidelines, the ALJ found Plaintiff "not disabled" based upon Plaintiff's age, education, and previous work experience.  (Tr. 15).  The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision.  (Tr. 16, Finding 11).

On December 8, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 1).  *See* 20 C.F.R. § 404.984(b)(2).  On February 27, 2009, the Appeals Council declined to review this determination.  (Tr. 1-4).  On April 20, 2009, Plaintiff appealed the ALJ's decision to this Court.  (Doc. No. 1).  Both parties have filed appeal briefs.  (Doc. Nos. 7,8).  The parties consented to the jurisdiction of this Court on April 29, 2009.  (Doc. No. 4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in his RFC determination. Plaintiff argues he does not have the RFC for the full range of light work and there is not substantial evidence to support such a finding by the ALJ.  Plaintiff argues the ALJ erred by failing to include Plaintiff's nonexertional limitations in his RFC determination.  In response, Defendant argues the ALJ's determination that Plaintiff has the RFC for the full range of light work is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  The ALJ also has the duty to develop the record, fully and

5

fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

If the ALJ properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Grids and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003).

A "nonexertional limitation" is a limitation or restriction which affects a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden, and not the Commissioner's burden, to prove functional capacity. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). The ALJ found Plaintiff had the RFC for the full range of light work. (Tr. 16). Based on the finding that Plaintiff could perform the full range of light work, the ALJ did not seek the testimony of a VE to support his RFC determination.

After reviewing the record, this Court finds the ALJ's RFC determination is not supported by substantial evidence because the existence of nonexertional limitations should be included in any decision regarding the Plaintiff's RFC. When the ability to perform a full range of work for a particular exertional level is compromised by the existence of nonexertional limitations, the ALJ is required to consult a VE regarding the effect of those limitations on the availability of work. *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998). In this matter, the ALJ did not consult a VE and found Plaintiff was not disabled based on the Medical-Vocational Grids.

The record shows Plaintiff has a diagnosis of a mental impairment. (Tr. 171-178, 187-204, 216-237). On September 5, 2006, Plaintiff underwent a mental status examination by Dr. Betty Feir, PhD. (Tr. 171-178). Dr. Feir, gave Plaintiff an Axis I diagnosis of major depressive disorder. (Tr. 176). Additionally, Dr. Feir diagnosed Plaintiff with a GAF score of 40, which indicates a major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. (Tr. 176).

Although the ALJ did review Dr. Feir's evaluation, he made no mention the GAF score which would clearly support Plaintiff's claim of a significant mental limitation. Additionally, the ALJ seems to discount the opinions of Dr. Feir because she did not perform objective testing which would objectively assess for malingering or exaggeration. (Tr. 13). However, such testing could certainly be ordered in accordance with the ALJ's duty to develop the record. Finally, the ALJ discounted Dr. Feir's report based on the fact she was a one-time consulting physician. (Tr. 13). However, as is shown below, it would appear Dr. Fier's findings are consistent with the findings of Dr. Jerry Henderson and treatment Plaintiff received from the Southwest Arkansas Counseling and Mental Health Center

7

On September 12, 2006, a Psychiatric Review Technique Form was prepared by Dr. Jerry Henderson. (Tr. 187-204). The ALJ, in his decision, made no reference to the finding of Dr. Henderson. According to this report, Dr. Henderson indicated Plaintiff suffered from depressive syndrome which resulted in mild restrictions of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace. (Tr. 190, 197). Dr. Henderson also found Plaintiff suffered from moderate functional limitations, which included the ability to understand, remember and carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to sustain an ordinary routine without special supervision, the ability to work in coordination or proximity to other without being distracted by them, the ability to complete a normal workday and work-week without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, the ability to accept instructions and respond appropriately to criticism from supervisors, the ability to respond appropriately to changes in the work place, and the ability to set realistic goals or make plans independently of others. (Tr. 203).

Plaintiff was seen at the Southwest Arkansas Counseling and Mental Health Center on September 7, 2006 and January 23, 2007. (Tr. 216-237). In treatment notes, Plaintiff was diagnosed with dysthymic disorder and assigned a GAF score of 55, which indicates moderate difficulty in social, occupational, or school functioning. (Tr. 225).

As with Dr. Feir's GAF score, the ALJ made no reference to the GAF score found by Southwest Arkansas Counseling and Mental Health Center. Although this score is higher than the score found by Dr. Feir, it still supports the existence of a mental limitation.

The ALJ's RFC determination found Plaintiff could perform the full range of light work

activity. However the ALJ erred by not recognizing any mentally related functional work restrictions which should be included in a RFC determination.

This matter should be remanded for the purpose of addressing Plaintiff's nonexertional mental limitations and the testimony of a VE regarding the effect of all such limitations on the availability of work for the Plaintiff. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis must be performed

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE